Gregory P. Goonan (California Bar Number 119821)
**THE AFFINITY LAW GROUP®**
5755 Oberlin Drive, Suite 301
San Diego, CA 92121
Telephone: (858) 750-1615
Facsimile: (619) 243-0088
Email: ggoonan@affinity-law.com

Attorneys for Plaintiff
Right Connection, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Right Connection, Inc., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Robert L. McGinley, an individual,<br><br>Defendant. | CASE NO. 15 CV 1323 BTM JMA<br><br>**FIRST AMENDED COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) VIOLATION OF LANHAM ACT SECTION 43(a); (3) VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200; (4) COMMON LAW UNFAIR COMPETITION; (5) COMMON LAW TRADEMARK INFRINGEMENT; AND (6) FRAUD.**<br><br>**JURY TRIAL DEMANDED**<br><br>I/C Judge: Hon. Berry T. Moskowitz<br>Courtroom: 15B<br>Action Filed: June 16, 2015 |

Plaintiff Right Connection, Inc. ("Right Connection") alleges as follows for its First Amended Complaint:

## INTRODUCTION

1. This is an action for damages, injunctive relief, and other relief arising

out of the infringement by defendant Robert L. McGinley ("Defendant") of Right Connection's trademark rights as well as a violation by Defendant of Lanham Act section 43(a) and state and common law unfair competition and trademark laws.

2.  Right Connection is a company that specializes in the marketing and sale of tours, travel, cruises and related services and products for individuals interested in alternative adult travel and entertainment.

3.  An essential part of Right Connection's business is the trademarks and trade names that it uses to market and sell its services and products. Right Connection markets and sells its services and products using a number of trademarks centered around the term "Lifestyles." As alleged herein, the term "Lifestyles" has come to be known and understood by consumers and Right Connection's competitors to designate the high-quality services and products marketed and sold by Right Connection.

4.  Among a number of trademarks that it owns and uses in connection with its business, Right Connection is the owner of United States Trademark Registration No. 4,627,561 for the trademark "Lifestyles Travel." Right Connection also owns United States Trademark Registration No. 4,034,177 for the trademark "Lifestyles Cruise." These trademarks are sometimes referred to herein as Right Connection's "Lifestyles Trademarks."

5.  Defendant is using websites operated and maintained at the following domain addresses to offer for sale and sell tours, travel, cruises and related services and products for individuals interested in alternative adult travel and entertainment: (a) www.lifestylesholidays.com; (b) www.lifestylesconvention.com; and (c) www.lifestyles.org. The websites operated and maintained at such domain names are referred to herein as the "Offending Websites." Right Connection is informed and believes and on that basis alleges that Defendant is operating and maintaining the Offending Websites for and on his own behalf, and/or the Offending Websites are

being operated and maintained by others acting in concert and participation with Defendant and in conspiracy with Defendant.

6. As alleged herein, Defendant's conduct constitutes trademark infringement under federal, California and common law, violates Lanham Act section 43(a), and constitutes unfair competition under California and common law. Right Connection accordingly brings this action to secure relief under federal, California and the common law to redress and remedy Defendant's wrongful acts. By this action, Right Connection seeks injunctive relief, money damages and all other appropriate relief.

7. On February 15, 2011, in exchange for valuable consideration, Defendant executed a written assignment (the "Assignment") by which Defendant assigned to Right Connection all right, title and interest in and to the following trademark registrations: (1) United States Trademark Registration No. 2,008,780 for the trademark "Lifestyles Tours and Travel," and (2) United States Trademark Registration No. 3,467,869 for the trademark "Lifestyle Resorts." These trademarks are referred to herein as "Assigned Trademarks."

8. Defendant has filed a Counterclaim in this action by which he claims that the Assigned Trademarks are generic and/or are the victims of genericide. If the allegations of Defendant's Counterclaim are to be believed, Defendant knew or believed that the Assigned Trademarks were generic and/or the victims of genericide as of the date he executed the Assignment.

9. Defendant did not disclose, and concealed from Right Connection, that he believed that the Assigned Trademarks were generic and/or the victims of genericide at the time he executed the Assignment, and that he would contend that the Assigned Trademarks were generic and/or the victims of genericide if Right Connection sued him for infringing the Assigned Trademarks.

10. The information that was not disclosed and that was concealed by

Defendant was material information that Defendant had a duty to disclose to Right Connection. By failing to do so, Defendant has committed fraud by concealment.

11. By this action, Right Connection also seeks compensatory and punitive damages from Defendant to remedy his fraud.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this matter pursuant to (i) 28 U.S.C. § 1331 (action arising under the laws of the United States); (ii) 28 U.S.C. § 1338(a) (action arising under trademark law); (iii) 28 U.S.C. §1338(b) (claims for unfair competition joined with claims under the trademark law); (iv) 15 U.S.C. § 1121(a) (action arising under the Lanham Act); (v) and principles of pendant jurisdiction.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) where a substantial part of the events or omissions giving rise to the claims occurred.

## THE PARTIES

14. Plaintiff Right Connection is a corporation organized and existing under the laws of the State of Nevada with its principal place of business at 2375 East Tropicana, Suite 172, Las Vegas, Nevada 89119. Right Connection is the owner of all right, title and interest in and to the Lifestyles Trademarks and the Assigned Trademarks.

15. Right Connection is informed and believes and on that basis alleges that Defendant McGinley is an individual who has done business at 1028 North Mayflower Street, Anaheim, California at all relevant times.

## GENERAL ALLEGATIONS

A. <u>Right Connection's Business And Trademark Rights</u>

16. For many years, Right Connection has been in the business of arranging and selling travel and tours, as well as other products and services, for individuals interested in alternative adult travel and adults-only vacations.

17. Right Connection is a leader in the alternative adult travel and

entertainment industry.  Although there are numerous individuals and businesses who are involved in the adult travel and entertainment industry, many of them are shady operators who are unreliable, offer poor quality services, and in a number of cases have defrauded consumers.  In sharp contrast to many of its competitors, Right Connection is well known both by consumers and by its competitors for the high quality, honest, reliable travel and entertainment services, and related products and services that it has provided to its customers over its many years of business.

18. Right Connection has used the term "Lifestyles" in various forms as its trademark for years to identify the high quality alternative adult travel and entertainment services, and related products and services, it offers to its customers. As a result, both consumers and Right Connection's competitors have come to recognize and understand that the term "Lifestyles" is a trademark owned by Right Connection that designates the high quality, reliable alternative adult travel and entertainment services, and other products and services, marketed and sold by Right Connection.

19. Right Connection has used the Lifestyles Trademarks, and the Assigned Trademarks to advertise its alternative adult travel and entertainment services, and related products and services, throughout the United States and the world.  A significant portion of Right Connection's marketing and sales is done over the Internet through the use of the Lifestyles Trademarks. Right Connection prominently displays and uses its Lifestyles Trademarks on its websites and in its other marketing and promotional materials.

20. As a result of the substantial amount of sales that Right Connection has generated using the Lifestyles Trademarks, the Assigned Trademarks, the length of use of such trademarks, the advertising and promotion of such trademarks by Right Connection, and the public recognition of such trademarks, as well as the high quality, honest and reliable services offered and sold by Right Connection using such

trademarks, the Lifestyles and Assigned Trademarks are widely understood and recognized in the alternative adult travel and entertainment industry as being Right Connection's trademarks, and the such trademarks distinguish Right Connection's superior services from the services of others.

21. For the reasons alleged herein, the Lifestyles Trademarks and the Assigned Trademarks are valuable assets owned by Right Connection and have come to represent significant and valuable goodwill belonging exclusively to Right Connection.

22. As alleged herein, Right Connection is the owner of United States Trademark Registration No. 4,627,561 for the trademark "Lifestyles Travel."

23. As alleged herein, Right Connection also owns United States Trademark Registration No. 4,034,177 for the trademark "Lifestyles Cruise."

24. Each of the Lifestyles Trademarks as described herein have been valid and subsisting at all relevant times.

25. As alleged herein, Right Connection is the owner of United States Trademark Registration No. 2,008,780 for the trademark "Lifestyles Tours and Travel."

26. As alleged herein, Right Connection is the owner of United States Trademark Registration No. 3,467,869 for the Trademark "Lifestyle Resorts."

27. Each of the Assigned Trademarks as described herein have been valid and subsisting at all relevant times.

B. Defendants' Wrongful Acts

28. As alleged herein, Defendant is using the Offending Websites, on his own and/or in active concert, participation and conspiracy with others, to offer alternative adult travel and entertainment services over the Internet.

29. Right Connection is informed and believes, and on that basis alleges, that Defendant has falsely represented to the consumers, and continues to falsely

1  represent to consumers, that Defendant, not Right Connection, owns trademark rights
2  in the Lifestyles Trademarks and to the Lifestyles name.

3      30.    Defendant's wrongful actions as alleged herein create a likelihood of
4  confusion and have created actual confusion among consumers, and present the risk
5  of deceiving the public into believing that Defendant has the right to use and/or owns
6  rights in the term "Lifestyles" in the adult travel and entertainment industry, when
7  that is not true.

## FIRST CLAIM FOR RELIEF

(Federal Trademark Infringement)

    31.    Right Connection realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 29 of this First Amended Complaint as though set forth in full herein.

    32.    This claim for relief is an action for federal trademark infringement pursuant to the Federal Trademark Act, 15 U.S.C. § 1114 et seq.

    33.    As alleged herein, Right Connection has valid and subsisting federal registrations for Right Connection's Lifestyles Trademarks and Right Connection has marketed, advertised and sold alternative adult travel services to the public using its Lifestyles Trademarks for a number of years.

    34.    As alleged herein, Right Connection is informed and believes and on that basis alleges that the Defendant has marketed, advertised and sold, and continues to market, advertise and sell, his own alternative adult travel and entertainment services to the public using the Offending Websites and/or terms and formulations that are confusingly similar to Right Connection's Lifestyles Trademarks.

    35.    Defendant's wrongful acts as alleged herein have caused, and are likely to continue to cause, confusion in the minds of consumers to the detriment of Right Connection.

    36.    Defendant's wrongful acts as alleged herein were done without the

THE AFFINITY LAW GROUP®
5755 Oberlin Drive, Suite 301
San Diego, CA 92121
(858) 750-1615

knowledge, consent or permission of Right Connection and continue without the consent or permission of Right Connection.

37. In doing the things alleged herein, Defendant has violated the trademark rights of Right Connection under the Federal Trademark Act, thereby giving rise to a cause of action under 15 U.S.C. § 1114.

38. Right Connection will be irreparably harmed unless Defendant is immediately and permanently enjoined from any further infringement of Right Connection's Lifestyles Trademarks.

39. Right Connection has no adequate remedy at law and serious damage to its trademark rights will result unless Defendant's wrongful acts and infringement are enjoined by the court.

40. Defendant has continued to infringe Right Connection's Lifestyles Trademarks notwithstanding that he has actual knowledge of Right Connection's trademark rights. Defendant's infringement of Right Connection's Lifestyles Trademarks accordingly constitutes intentional, willful, knowing and deliberate trademark infringement.

41. Defendant's infringement of Right Connection's Lifestyles Trademarks has caused Right Connection to suffer damages in an amount unknown at this time and has caused Defendant to gain revenues and profit in an amount unknown at this time. Pursuant to 15 U.S.C. § 1117(a), Right Connection is entitled to an award of monetary damages in an amount equal to the losses suffered by Right Connection and the revenues and/or profits gained by Defendant, which damages should be augmented as provided by 15 U.S.C. §1117(a).

42. Pursuant to 15 U.S.C. § 1117(a), any monetary damages awarded to Right Connection should be trebled.

43. Pursuant to 15 U.S.C. § 1117(a), Right Connection is entitled to an award of attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF

(Violation of Lanham Act Section 43(a))

44. Right Connection realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 42 of this First Amended Complaint as though set forth in full herein.

45. This claim for relief is for violation of Lanham Act section 43(a), 15 U.S.C. § 1125(a).

46. The wrongful actions of Defendant as alleged herein constitute unfair competition and false advertising in violation of Lanham Act section 43(a).

47. Right Connection will be irreparably harmed unless Defendant is enjoined from wrongful conduct as alleged herein, and from any further acts of unfair competition and false advertising relating to Right Connection's Lifestyles Trademarks.

48. Right Connection has no adequate remedy at law and serious damage to its rights will result unless Defendant's wrongful actions are enjoined by the court.

49. The actions of Defendant as alleged herein constitute intentional, willful, knowing and deliberate unfair competition and false advertising pursuant to Lanham Act Section 43(a).

50. Defendant's acts of unfair competition and false advertising have caused Right Connection to suffer damages in an amount unknown at this time and have caused Defendant to gain revenues and profit in an amount unknown at this time. Pursuant to 15 U.S.C. § 1117(a), Right Connection is entitled to an award of monetary damages in an amount equal to the losses suffered by Right Connection and the revenues and/or profits gained by Defendant, which damages should be augmented as provided by 15 U.S.C. §1117(a).

51. Pursuant to 15 U.S.C. § 1117(a), any monetary damages awarded to Right Connection should be trebled.

52. Pursuant to 15 U.S.C. § 1117(a), Right Connection is entitled to an award of attorneys' fees and costs of suit.

### THIRD CLAIM FOR RELIEF

(Violation of California B&P Code Section 17200 et seq.)

53. Right Connection realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 51 of this First Amended Complaint as though set forth in full herein.

54. This claim for relief is for unfair competition and false advertising in violation of California Business and Professions Code section 17200 et seq.

55. The actions of Defendant as alleged herein constitute unfair competition and false advertising in violation of California Business and Professions Code section 17200 et seq.

56. Right Connection will be irreparably harmed unless Defendant's wrongful conduct and any further acts of unfair competition and false advertising relating to Right Connection's Lifestyles Trademarks are enjoined by the court.

57. Right Connection has no adequate remedy at law and serious damage to its rights will result unless the Defendant's wrongful conduct is enjoined by the court.

58. The actions of Defendant as alleged herein constitute intentional, willful, knowing and deliberate unfair competition and false advertising.

59. Defendants' acts of unfair competition and false advertising have caused Defendant to gain revenues and profit in an amount unknown at this time. Pursuant to California Business & Professions Code section 17203, Right Connection is entitled to a disgorgement in an amount equal to the revenues and/or profits gained by Defendant.

## FOURTH CLAIM FOR RELIEF

(Common Law Trademark Infringement)

60. Right Connection realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 58 of this First Amended Complaint as though set forth in full herein.

61. This claim for relief is for common law trademark infringement.

62. The actions of Defendant as alleged herein constitute common law trademark infringement.

63. Right Connection will be irreparably harmed unless Defendant's wrongful conduct and any further acts of trademark infringement relating to Right Connection's Lifestyles Trademarks are enjoined by the court.

64. Right Connection has no adequate remedy at law and serious damage to its rights will result unless the Defendant's wrongful conduct is enjoined by the court.

65. The actions of Defendant as alleged herein constitute intentional, willful, knowing and deliberate trademark infringement.

66. As a direct and proximate result of the acts of trademark infringement alleged herein, Right Connection has suffered, and will continue to suffer, damages in an amount unknown at this time.  Likewise, as a direct and proximate result of the acts of trademark infringement as alleged herein, Defendant wrongfully has gained revenues and profit in an amount unknown at this time.

67. Defendant committed the acts of trademark infringement alleged herein intentionally, deliberately, maliciously, with intent to injure and oppress Right Connection, and in conscious disregard of the rights of Right Connection.  Right Connection accordingly is entitled to an award of punitive and exemplary damages in an amount sufficient to punish and deter Defendants and make him an example to others.

## FIFTH CLAIM FOR RELIEF

(Common Law Unfair Competition)

68. Right Connection realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 66 of this First Amended Complaint as though set forth in full herein.

69. This claim for relief is for common law unfair competition.

70. The actions of Defendant as alleged herein constitute common law unfair competition.

71. Right Connection will be irreparably harmed unless Defendant's wrongful acts and any further acts of unfair competition relating to Right Connection's Lifestyles Trademarks are enjoined by the court.

72. Right Connection has no adequate remedy at law and serious damage to its rights will result unless the Defendant's wrongful conduct is enjoined by the court.

73. The actions of Defendant as alleged herein constitute intentional, willful, knowing and deliberate unfair competition.

74. As a direct and proximate result of the acts of unfair competition alleged herein, Right Connection has suffered, and will continue to suffer, damages in an amount unknown at this time. Likewise, as a direct and proximate result of the acts of unfair competition as alleged herein, Defendant has wrongfully has gained revenues and profit in an amount unknown at this time.

75. Defendant committed the acts of unfair competition alleged herein intentionally, deliberately, maliciously, with intent to injure and oppress Right Connection, and in conscious disregard of the rights of Right Connection. Right Connection accordingly is entitled to an award of punitive and exemplary damages in an amount sufficient to punish and deter Defendant and make him an example to others.

## SIXTH CLAIM FOR RELIEF

(Fraud)

76. Right Connection realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 75 of this First Amended Complaint as though set forth in full herein.

77. This claim for relief is a claim for fraud under California law.

78. On February 15, 2011, Defendant executed the Assignment by which Defendant assigned to Right Connection all right, title and interest in and to the Assigned Trademarks.

79. Defendant has filed a Counterclaim in this action by which he claims that the Assigned Trademarks are generic and/or are the victims of genericide.

80. If the allegations of Defendant's Counterclaim are to be believed, Defendant knew or believed that the Assigned Trademarks were generic and/or the victims of genericide as of the date he executed the Assignment.

81. Defendant did not disclose, and concealed from Right Connection, that he believed that the Assigned Trademarks were generic and/or the victims of genericide at the time he executed the Assignment, and that he would contend that the Assigned Trademarks were generic and/or the victims of genericide if Right Connection sued him for infringing the Assigned Trademarks.

82. The information that was not disclosed and that was concealed by Defendant was material information that Defendant had a duty to disclose to Right Connection. By failing to do so, Defendant has committed fraud by concealment.

83. Defendant knew the information he intentionally failed to disclose and concealed was material to Right Connection.

84. Defendant did not disclose and concealed such material facts to induce Right Connection to transfer valuable consideration to Defendant in exchange for the Assignment.

85.     Right Connection was ignorant of the information that Defendant concealed and failed to disclose, and actually and reasonably relied to its detriment on its belief that Defendant had made full, complete and truthful disclosure of all material information.

86.     Right Connection did not discover that Defendant had intentionally failed to disclose and had concealed material information as alleged herein until Defendant filed his Counterclaim in this action.

87.     As a direct, proximate, and legal result of the non-disclosure and concealment as alleged herein, Right Connection has suffered, continues to suffer, and in the future will suffer, actual, consequential and incidental damages in an amount according to proof at trial as alleged herein.

88.     Defendant did the acts and things alleged herein deliberately, maliciously, with intent to injure and oppress Right Connection, and in conscious disregard of the rights of Right Connection. Moreover, the conduct of Defendant constitutes fraudulent, malicious, oppressive and/or despicable conduct. Right Connection therefore is entitled to punitive and exemplary damages against Defendant in an amount sufficient to punish and deter Defendant, according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Right Connection prays for judgment against Defendant as follows:

1.     For a temporary, preliminary and permanent injunction restraining and enjoining Defendant, and his agents, servants, employees, and all others in active concert or participation with him, as follows:

a)     From further using the Lifestyles Trademarks;

b) From further infringing the Lifestyles Trademarks;

c) From further advertising, promoting, distributing, offering for sale, and/or selling, any travel services using the Lifestyles Trademarks or any other word or phrase confusingly similar to Right Connection's Lifestyles Trademarks.

d) From further acts of false advertising and unfair competition as alleged herein.

2. For an award of damages suffered by Right Connection, plus any revenues or profits earned by Defendant, as a result of Defendant's trademark infringement, unfair competition, and false advertising, in an amount to be proven at trial.

3. For an award of augmented and treble damages to the maximum extent allowed by law.

4. For an award of punitive and exemplary damages in an amount to be proven at trial but sufficient to punish and deter Defendant.

DATED: July 30, 2015                THE AFFINITY LAW GROUP


By: */s/ Gregory P. Goonan*
    Gregory P. Goonan
    Attorneys for Plaintiff
    Right Connection, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff Right Connection, Inc., hereby demands a jury trial in this matter.

DATED: July 30, 2015                    THE AFFINITY LAW GROUP APC

By: */Gregory P. Goonan/*
    Gregory P. Goonan
    Attorneys for Plaintiff
    Right Connection, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of July 2015, a true and accurate copy of the attached document was electronically filed with the Court, to be served by operation of the Court's electronic filing system, upon the following:

>Allan B. Gelbard, Esq.
>The Law Offices of Allan B. Gelbard
>15760 Ventura Blvd., Suite 801
>Encino, CA  91436
>
>Attorneys for Defendant and Counterclaim Plaintiff
>Robert L. McGinley

*/s/ Gregory P. Goonan*